[Nos. 8187 and 8904.   In Bank. — November 30, 1885.]

## J. R. MYERS, APPELLANT, *v.* M. L. McDONALD ET AL., RESPONDENTS.

PRACTICE — APPEAL — REVERSAL OF JUDGMENT — REMANDING CAUSE — NEW TRIAL. — In an action tried by the court, a judgment in favor of one of the defendants was entered before findings had been signed. On an appeal by the plaintiff from this judgment, the respondent confessed error, and on his motion the court ordered that the judgment be reversed and the cause remanded. *Held,* that the plaintiff was entitled to a new trial, and that the court below could not, on the strength of the former trial, order findings to be prepared and a judgment in conformity therewith entered in favor of the defendant.

ID. — TRIAL AS TO ONE DEFENDANT — CONTINUANCE — WAIVER. — The action was brought against two defendants. Pending the trial, the court granted a continuance as to one of them, and the plaintiff, without objection, proceeded with the trial against the other, in whose favor a judgment was

subsequently rendered. *Held*, that the plaintiff had waived the right to object to the irregularity at the trial by reason of the continuance.

ID. — EVIDENCE — BREACH OF PROMISE — CONSIDERATION. — In an action to recover for a breach of promise, made in consideration of a promise by the plaintiff not to become intoxicated while engaged in a certain employment, evidence that the plaintiff did become intoxicated is admissible.

ID. — FINDINGS — PROMISSORY NOTE — AMOUNT DUE. — Where issue is ' raised as to whether or not the principal and interest of a promissory note in controversy had been paid, a finding that a certain sum is due thereon is equivalent to a finding that such sum is owing and unpaid.

APPEAL from certain judgments of the Superior Court of the city and county of San Francisco, and from an order refusing to set aside a judgment.

The action was brought to procure the cancellation of a certain promissory note, and for an injunction against its transfer. The complaint alleged that the note was executed in pursuance of an agreement between the plaintiff and the defendant M. L. McDonald, whereby the latter, in consideration of the giving of the note, and of the promise by the plaintiff to render certain services as superintendent of the Santa Rosa Water Works Company and the Santa Rosa Street Railway Company, promised to and did deliver to the plaintiff 275 shares of the capital stock of the Santa Rosa Water Works Company, and guaranteed that the stock would within a certain time sell in the market and be of the value of two hundred dollars a share. The complaint further alleged a breach of the guaranty, and that the defendant J. M. McDonald was the holder of the note without consideration, and received it with notice of the terms of the agreement under which it was executed. The defendant J. M. McDonald denied that he took the note without consideration or with notice of the alleged equities of the plaintiff, and by a cross-complaint prayed for judgment on the note against the plaintiff. The further facts are stated in the opinion of the court.

*Wallace & Hastings*, for Appellant.

*Selden S. Wright*, and *James A. Waymire*, for Respondents.

THORNTON, J. — There are three appeals in this action, one from a judgment in favor of J. M. McDonald, another from an order refusing to set aside the judgment (No. 8187), and another from a judgment in favor of M. L. McDonald.

The cause came on for trial by the court on the 25th of January, 1881. After hearing the evidence offered, the court ordered judgment in favor of J. M. McDonald, and postponed the further trial of the cause as between the plaintiff and M. L. McDonald until the 25th of July, 1881. On this latter date, the court below orally announced that judgment would be given in favor of M. L. McDonald, and directed findings to be prepared and submitted to the court. Before the findings were signed, the attorney for McDonald directed the clerk of the court to enter the judgment rendered in his favor, and such judgment was recorded on the 7th of October, 1881.

From this judgment the plaintiff prosecuted an appeal to this court. When this appeal was taken and perfected, the findings had not been signed by the judge who tried the case, and findings had never been waived. In his bill of exceptions taken to be used on the appeal from this judgment, the plaintiff specified, as the errors on which he would rely to reverse the judgment, the failure to sign and file findings of fact, and errors of law occurring at the trial in the rejection of evidence offered by plaintiff. The bill of exceptions just referred to was sufficient to bring these errors before the appellate court. M. L. McDonald afterwards moved the Supreme Court for leave to confess error, and for an order reversing the judgment and remanding the cause for further proceedings. This motion was, on the 13th of March, 1882,

granted, and the order was entered accordingly. The order entered was that the judgment "be and the same is hereby reversed, with costs, and cause remanded."

A *remittitur* containing this order was duly sent down to the lower court. On the filing of this *remittitur* in the court below, plaintiff moved that the cause be placed on the calendar for trial, as to the issues between plaintiff and M. L. McDonald. This motion was denied, and plaintiff excepted.

The defendant M. L. McDonald moved the court below for leave to present findings of fact and conclusions of law on the trial of this action, for signature by the judge, and that judgment be entered thereon. This motion was granted, and plaintiff excepted. The court then proceeded to have findings filed and judgment entered on them in favor of M. L. McDonald.

In *Stearns* v. *Aguirre*, 7 Cal. 433, it was held that after the reversal of an erroneous judgment, the parties to the action have the same rights which they originally had. This rule was approved in *Phelan* v. *San Francisco,* 9 Cal. 16, and in *Argenti* v. *San Francisco*, 30 Cal. 459. In *Ryan* v. *Tomlinson*, 39 Cal. 639, where this court had rendered judgment in these words: "Judgment reversed and cause remanded," and it was contended that such an order ended the case, so that it could not be retried, the court said: "There is no force in the suggestion that the decision of this court on the former appeal ended the case, so that it could not be retried. The order was, 'Judgment reversed and cause remanded.' Unless it was apparent from the opinion of the court that the adjudication was intended to be a final disposition of the cause, the effect of the reversal was only to set aside the judgment that a new trial might be had. This point has been several times decided by this court." The court then cites *Argenti* v. *San Francisco, Stearns* v. *Aguirre*, and *Phelan* v. *San Francisco, ut supra.* (39 Cal. 646.) Substantially the same ruling was made in *Irwin*

v. *Towne,* 43 Cal. 23, and *Chandler* v. *People's Saving Bank,*
65 Cal. 498. (See 2 Hayne on New Trial and Appeal,
904–907.) We understand that the above is the settled
rule, unless there is something in the opinion of the
court or the order made by it restricting the operation
of the words "reversed" and "remanded." In this case
there was no opinion, and the order did not restrict the
meaning of the words "reversed" and "remanded" used
in it. They have their ordinary meaning, and the court
erred in not according the plaintiff a new trial. ·

We find no error in admitting the evidence offered
by defendant M. L. McDonald as to the intoxication of
plaintiff. In the complaint it is averred that the promises
of the defendant M. L., for the breach of which this
action was brought, were made in consideration, *inter
alia,* of plaintiff's promise not to become intoxicated
within the limits of the properties of the Santa Rosa
Water Works Company and the Santa Rosa Street Rail-
road Company, or within the limits of the town of Santa
Rosa, during his (plaintiff's) superintendency of the
water-works company and of the railroad company
above mentioned. The evidence was offered on this
issue, and it was properly admitted.

We pass to the consideration of the appeal from the
judgment in favor of J. M. McDonald. ·

The plaintiff complains that the cause was continued
as to M. L. McDonald, and the trial then proceeded
against J. M. McDonald alone.

The record shows that such was the procedure. But
when this course was adopted there was no objection by
plaintiff. Plaintiff not only did not object to the proce-
dure adopted, but amended his complaint in material
matters as to defendant M. L. McDonald, on which the
subsequent trial as to that defendant was had.

Conceding the course taken by the court below to have
been irregular, it would be improper in this court to or-
der a reversal of either judgment or order, when it appears,

as in this case, that such course was had without objection by plaintiff. The plaintiff by his conduct waived the right to object to the course pursued herein, which was nothing more than an irregularity. (*Clapp* v *Graves*, 26 N. Y. 418.)

It would be highly unjust to allow the plaintiff to object now to a procedure to which he consented by not objecting in the court below before the trial was entered on, when he should have made the objection. He should not be allowed thus to speculate on the result of the trial, —taking advantage of such result if in his favor, and annulling it if adverse to him.

It is said that there is no finding on the issue raised by the cross-complaint of J. M. McDonald, and the answer on the point that no part of the principal or interest of the note upon which judgment was entered had been paid. The finding on this point is, "that there is due from plaintiff to defendant James M. McDonald the whole of the principal sum of said promissory note, together with accumulated interest thereon, in accordance with the terms of said note, amounting on the 25th of January, 1881, to $18,891.16, making in the aggregate the sum of $26,891.69."

The findings further state "that the rate of two and a half per cent on the sum $26,891.69, *the amount found due in the case,* viz., $672.25, is a reasonable counsel fee for counsel of defendant James M. McDonald."

And the court finds the following conclusions of law: "That defendant James M. McDonald is entitled to recover of the plaintiff, J. R. Myers, the sum of $26,891.69, the amount of principal and interest due on said note, and the sum of $672.75, the amount of said counsel fees, making in the aggregate the sum of $27,563.94, besides costs of suit; and to have the said stock sold by the sheriff of the city and county of San Francisco, California, and the proceeds applied to the payment of the said amounts, and for judgment to be docketed against the said plaintiff for any deficiency which may remain after."

We think the clauses selected from the findings and the conclusions of law show that the word in the findings criticised is used in the sense of owing and unpaid, and that something more than a conclusion of law is stated by using the word "due," and that the fact is found that the sum recovered has never been paid to defendant J. M. by plaintiff.

We think the court found on all the material issues joined by plaintiff and J. M. McDonald.

We perceive no error in denying plaintiff's motion to set aside the judgment for the reason that the trial was had without objection by plaintiff, the judgment which was rendered and entered following logically upon the findings of fact reached on the trial so had.

For the foregoing reasons, the judgment in favor of M. L. McDonald is reversed, and the cause remanded for a new trial, and the judgment and order in favor of James M. McDonald is affirmed.

So ordered.

MYRICK, J., MORRISON, C. J., and Ross, J., concurred.