[No. 15644.   In Bank.—April 4, 1895.]

## J. W. FALKNER, E. T. STEEN (Substituted), Respondent, *v.* JOSHUA HENDY et al., Appellants.

PARTNERSHIP — ACTION FOR ACCOUNTING — USE OF TRUST FUNDS BY DECEASED COPARTNER—PRESENTATION OF CLAIM.—In an action for an accounting of a partnership, where the plaintiff claimed that the defendant had realized a large amount of money from the use of trust funds which the plaintiff was entitled to recover, and in which he seeks to obtain a large money judgment against the defendant, as his copartner, and against a corporation organized by him to carry on his business, upon the death of the copartner defendant, during the pendency of the action, it is necessary that the claim should be presented to the executors of his estate, and, if objection is made to proceeding with the trial upon the ground that the claim was not presented for allowance, a judgment in favor of the plaintiff will be reversed upon appeal.

ID.—EXCEPTION TO JUDGMENT—NONPRESENTATION OF CLAIM—REVIEW UPON APPEAL.—An exception to the entry of judgment against the executors and executrix of a deceased defendant, on the ground that no claim had been presented to them, and that the decision was against law, in giving judgment against them without proof of the presentation of the claim, is not, in effect, an objection to the decision on the ground that it was not sustained by the evidence; and such exception may be reviewed upon appeal, although the appeal was not taken within sixty days after the rendition of the judgment.

ID.—DUTY TO PRESENT CLAIM—KNOWLEDGE OF DEATH OF ADVERSARY.— Litigants must know at their peril of the death of an adversary, and a plaintiff seeking a judgment against the defendant is not entitled to recover a judgment which will bind his estate, unless within the period allowed by law for the presentation of claims a presentation has been made to the representative of the decedent.

APPEAL—REVERSAL OF JUDGMENT—NEW TRIAL.—An unqualified reversal of a judgment by the supreme court has the effect to remand the cause for a new trial.

   CVII. CAL.—4

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Boyd, Fifield & Hoburg, W. H. H. Hart,* and *Nowlin & Fassett,* for Appellants.

*William H. Jordan,* for Respondent.

THE COURT.—This appeal is from the judgment, with a bill of exceptions.

The action was brought to obtain a dissolution of an alleged partnership, to have an account taken and for other relief. It was commenced March 11, 1876. At the first trial plaintiff recovered judgment, and defendants appealed, and that appeal was disposed of here October, 1889. (*Falkner* v. *Hendy,* 80 Cal. 636.) The facts of the case appear in the opinion then rendered.

It was found that the partnership—if the relations between the parties could be so called—had ended before the suit was brought, leaving in Hendy's hands property in which Steen had a contingent interest, and which Hendy continued to sell from time to time after this suit was begun. By stipulation, however, it was found that Hendy had in his hands something more than ten thousand dollars which belonged to Steen. The question left to be determined was what interest or what share of the profits of Hendy's business Steen was entitled to. After the remittitur was filed from this court Steen amended his complaint, made for the first time the corporation a defendant, and claimed that Hendy had actually realized a large amount of money from the use of the trust funds which he, Steen, was entitled to recover.

The corporation was created September 29, 1882, and it was made a party to the suit November 26, 1889. The supplemental and amended complaint, by which the corporation was brought in, charged, in effect, that Hendy owned all the stock of the corporation, and that

it was organized to carry on Hendy's business, to hide plaintiff's property, and to defraud plaintiff. A money judgment was demanded against both defendants.

Soon after, Hendy paid the amount found due, exclusive of interest, and the cause was referred to a referee to try, with directions to report findings and a judgment. While the trial was in progress, October 21, 1891, Hendy died. The record does not show when letters of administration were issued in the estate of Hendy, but it appears by order made August 10, 1892, that the death of Hendy was suggested by plaintiff, and it was ordered that the case be continued in the names of the executors; and the bill of exceptions recites that: "At the first session after his death, and said substitution, to wit, on the nineteenth day of November, 1891, said defendants objected to further proceeding with the trial, or the taking of any further testimony in the case, upon the ground that the claim upon which the action is based has not been presented for allowance to the executors and executrix of Joshua Hendy, deceased; but the referee, notwithstanding such objection, proceeded with said trial and the taking of testimony in the case, to all of which the defendants duly excepted, and the said trial and taking of testimony was then proceeded with by said referee; the trial was concluded, and the case argued and submitted to the referee for decision in February, 1892, and the said referee rendered his decision and filed his findings of fact and conclusions of law on the fifth day of November, 1892, with the clerk of the court, and judgment and decree were made thereon on December 30, 1892.

"There was no evidence that the claim upon which this action was based was ever presented to the executors and executrix of the estate of Joshua Hendy, deceased; and no claim whatever was ever presented to them, or either of them. And the defendants, and each of them, excepted, and now excepts, to the decision, on the ground that it is against law in the following particulars: . . . . 3. The decision is against law in giving

judgment against defendants, to wit, the executors and executrix of the estate of Joshua Hendy, deceased, inasmuch as no claim was presented to them."

This appeal was not taken within sixty days after the rendition of judgment, and it is contended by the respondent that this objection to the judgment cannot now be entertained. That the point is, really, that the judgment is not sustained by the evidence, and, if such a point could be made at all, it cannot be raised on this appeal, because it was not taken within sixty days after the rendition of the judgment.

It is plain that this case is not within the rule in section 939 of the Code of Civil Procedure, where it is by implication provided that an exception to the decision or verdict, that it is not supported by the evidence, may be reviewed on an appeal from the judgment, if the appeal be taken within sixty days after the rendition of judgment. The code provides for no exception to a judgment on the ground that it is not sustained by the evidence. (*Mazkewitz* v. *Pimentel,* 83 Cal. 450.) Nor could such a point be urged on a motion for a new trial. Exceptions of that character are directed to the findings of fact. In this case there was no finding upon the subject. Nor does the exception appear to be aimed at a finding. The exception was to the entry of judgment against the executors and executrix on the ground that no claim had been presented to them.

Section 1502 of the Code of Civil Procedure provides that, if an action is pending against a decedent at the time of his death, it must be presented to the executor or administrator as in other cases; "and no recovery shall be had in the action unless proof be made of the presentations required."

Regularly, in such cases, a supplemental complaint should be filed, alleging the death and due presentation of the claim. There are cases, however, which seem to hold, at least by implication, that a judgment would not be void, though these facts were neither alleged nor proven. Such a judgment would be erroneous only,

and would not be reversed even on appeal, unless the objection was first made in the trial court.

In *Bank of Stockton* v. *Howland*, 42 Cal. 129, the objection was made for the first time on the motion for a new trial. The court said: "It was too late at that time for the plaintiff to have supplied the requisite proof. The objection must, therefore, be disregarded."

In *Drake* v. *Foster*, 52 Cal. 225, the objection was made for the first time in this court, and it was held that it was too late.

In *Derby* v. *Jackman*, 89 Cal. 1, the supplemental complaint averred the due presentation of the claim; this was denied in the answer, and, as it was held, was the only good denial in the answer. Judgment was, on motion, entered for plaintiff on the pleadings. This court held the judgment erroneous and said: "The effect of that section (1502) plainly is that, although due presentation of the claim be not denied, still it must be proven."

The effect of these cases is that proof of the presentation of the claim is not a fact essential to the validity of the judgment—where no issue has been made upon that question—but that the failure to make the proof is ground for reversal when objection is made in the trial court and the exception is properly preserved.

It must be held that the exception here was made in due time, and has been properly brought here.

Respondent's counsel suggests that Hendy died October 21, 1891, and the objection to proceeding because the claim had not been presented was first made November 19, 1891, and the record fails to show that at that time letters testamentary had been issued. If that be so, so much the worse for respondent. It shows that he had timely warning, and yet failed to preserve his rights. The referee should not have proceeded at all with the case until letters had been issued and the representatives brought in. If he did so that would alone constitute ground for reversal. Litigants must know, at their peril, of the death of an adversary. Negligence

cannot be attributed to the dead, and, although the heirs may sometimes lose by failure to have administration properly made, those having claims against the estate acquire no rights by the delay, except the extension of the time to collect their demands. Undoubtedly, respondent had the right to present his claim to the representatives of Hendy at any time within the period allowed by law for the presentation of claims, but he was not entitled to recover a judgment which will bind the estate of Hendy until such presentation had been made.

That the claim of plaintiff was one which would require presentation respondent does not deny. The matter was fully considered by this court in *Lathrop* v. *Bampton*, 31 Cal. 17, 89 Am. Dec. 141, and in *Rowland* v. *Madden*, 72 Cal. 17.

This result certainly seems a great hardship in this case, but we are powerless to save the plaintiff from the consequence of his neglect.

The judgment is reversed.

BEATTY, C. J., and HARRISON, J., did not participate in the foregoing decision.

A petition for a modification of the judgment having been filed, the following opinion was rendered thereon on the 4th of May, 1895:

THE COURT.—Respondent asks us to so modify the judgment herein as to give express direction that the cause be remanded for a new trial.

Such modification is unnecessary, since the effect of the unqualified reversal is to remand the cause for a new trial. (*Stearns* v. *Aguirre*, 7 Cal. 443; *Argenti* v. *San Francisco*, 30 Cal. 459; *Ryan* v. *Tomlinson*, 39 Cal. 639.)

Rehearing denied.