[L. A. Nos. 1727, 1728. In Bank.—October 1, 1907.]

W. J. DAVIS, Appellant, v. MRS GEORGE LE MES-NAGER et al., Appellants. LEON ESCALLIER and JULIA A. SHEPHERD, as Executrix of the Will of Clara B. Appel, Deceased, Respondents.

TAXATION—DEEDS FROM STATE FOR LANDS SOLD FOR DELINQUENT TAXES.—Deeds from the state for lands sold to it for delinquent taxes held valid on the authority of *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352]; *Fox* v. *Wright, ante* p. 60, [91 Pac. 1005]; *Carter* v. *Osborn,* 150 Cal. 620, [89 Pac. 608]; and *San Diego Realty Co.* v. *Cornell,* 151 Cal. 197, [90 Pac. 1130].

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and Howard J. Fish, for Appellants.

H. H. Appel, for Respondent Julia A. Shepherd.

Denis & Loewenthal, for Respondent Leon Escallier.

HENSHAW, J.—These actions were brought to obtain decrees quieting plaintiff's title to certain lots located in the city of Los Angeles. That title rested upon certain deeds

from the state of California executed by authority of the revenue laws of the state after nonpayment of taxes and sale to the state. Plaintiff deraigned title from one W. H. Wheeler to whom the state made the deeds.

The defendants made proof of their titles. The trial court held the deeds from the state of California to Wheeler to be void for certain irregularities in the proceedings leading up to them and decreed title in the defendants. Upon an appeal to the district court of appeal the same view of the state's deeds was taken and the discussion was confined to conflicting claims of some of the parties defendant. These rulings as to the invalidity of the deeds from the state, both in the trial court and in the court of appeal, were prior to the decision of this court in *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352]; *Fox* v. *Wright, ante* p. 60, [91 Pac. 1005]; *Carter* v. *Osborn,* 150 Cal. 620, [89 Pac. 608]; and *San Diego Realty Co.* v. *Cornell,* 151 Cal. 197, [90 Pac. 1130]. The propositions advanced against the validity of the state's deeds in this case are all covered by the cases above enumerated. Maps of the subdivisions and surveys of the several lots and tracts referred to in the various deeds contained in the record were introduced in evidence, supplementing the description in the assessments and the deeds and making a case strictly within the ruling in *Baird* v. *Monroe.* It was error, therefore, for the court to have held that the deeds from the state were invalid and the judgments must be reversed for this reason. This conclusion renders unnecessary any expression upon the conflicting claims of title advanced by appellant against certain of the respondents.

The judgments and orders appealed from are therefore reversed.

Shaw, J., Sloss, J., McFarland, J., Angellotti, J., and Lorigan, J., concurred.

Rehearing denied.