[L. A. No. 2289. Department One.—April 26, 1909.]

W. J. DAVIS, Respondent, v. MRS. GEORGE LE MESNAGER et al., Defendants; LEON ESCALLIER and H. H. APPEL, Individually, and as Trustee for Horace Appel, Jr., Substituted as Executor of Will of Clara B. Appel, Deceased, Appellants.

APPEAL—EFFECT OF REVERSAL OF JUDGMENT AND ORDER DENYING NEW TRIAL.—Upon an appeal from a judgment for the defendants and from an order denying a new trial, when the judgment and order were reversed for error in holding the invalidity of tax-deeds under which plaintiff claimed title, the effect of such reversal makes it necessary to try the case anew.

ID.—ERROR IN GRANTING JUDGMENT FOR PLAINTIFF UPON JUDGEMENT-ROLL WITHOUT NEW TRIAL.—It was error for the superior court, after such reversal, without a new trial, and proof of plaintiff's title upon issue joined thereupon, to grant a motion of the plaintiff for judgment upon the prior judgment-roll, and the opinion of the supreme court on the former appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

Denis & Loewenthal, and H. H. Appel, for Appellants.

Charles Lantz, for Respondent.

H. J. Fish, for other Defendants.

THE COURT.—This cause was tried in the superior court and judgment was rendered therein in favor of the defendants. An order was subsequently made denying plaintiff's motion for a new trial. From this judgment and order the plaintiff appealed, and upon the appeal the judgment and order denying a new trial were reversed. (See *Davis* v. *Le Mesnager,* 152 Cal. 97, [92 Pac. 76].) Upon the going down of the *remittitur,* the plaintiff moved the court for findings and judgment in his favor upon the prior judgment-roll and the opinion of the supreme court. The motion came on for hearing and thereupon, in support of the motion, there was presented to the court the opinion of the supreme court, the *remittitur,* and the judgment-roll in the superior court upon the former judgment. The defendants objected to this method of procedure and objected to the hearing of the motion and to the entry of judgment thereon. The court below, however, overruled their objections and, over their exception, granted the motion and rendered judgment in favor of the plaintiff. From this judgment certain of the defendants appeal.

The court below erred in disposing of the case in this summary manner. The judgment and the order denying a new trial were reversed by the supreme court upon the former appeal. This made it necessary to try the case again in the superior court. The error which made it necessary to reverse the case was an error of law occurring upon the trial, consisting of a ruling of the court as to the validity of a deed offered in evidence. The plaintiff could not prevail without offering evidence in support of his controverted allegation of ownership, and the court, in this method of procedure, gave him judgment without any evidence whatever.

The judgment is reversed and the cause remanded for a new trial.