[Civ. No. 2587.   First Appellate District, Division One.—February 17,
1919.]

EDMUND A. ROSSI, Appellant, v. ARTHUR J. CAIRE
et al., Respondents.

APPEAL—UNQUALIFIED REVERSAL—EFFECT—NEW TRIAL.—The effect of
an unqualified reversal of an interlocutory judgment is to leave the
whole case to be tried anew as if it had not been tried before.

ID.—JUDGMENT FOR APPELLANT.—In such case the entry of judgment
by the lower court for the appellant is error.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   George A. Sturtevant,
Judge.   Reversed.

The facts are stated in the opinion of the court.

D. Freidenrich, Ambrose Gherini and Orin K. McMurray
for Appellant.

Joseph F. Bluxome and Frank P. Deering for Respond-
ents.

WASTE, P. J.—Appellant attacks a judgment entered in
the lower court on motion of the defendants, upon filing the
*remittitur*, after decision by the supreme court, in a former
appeal.   (*Rossi* v. *Caire et al.*, 174 Cal. 74, [161 Pac. 1161].)

Plaintiff brought the action to enjoin the defendants from
carrying on the business of a corporation, and prayed for an
order directing them to wind up its affairs and distribute its
assets to the stockholders according to their respective inter-
ests.   After issue joined, and due trial had, findings of fact
and conclusions of law were filed and a preliminary, and in-
terlocutory, judgment entered declaring that the charter of
the company was forfeited; that its directors had thereby be-
come trustees of the corporation and its stockholders, and
generally granting plaintiff the relief prayed for.

Subsequently, two orders were made and filed, one directing
the distribution of certain assets of the corporation and the
other directing the said trustees, respondents here, to sell the
real and personal property of the corporation.   After entry
thereof these orders were appealed from and were the sub-

ject of consideration in the former decision. The supreme
court held these orders appealable as final judgments, and
further that upon such appeal there might be a review of the
previous proceedings, including the sufficiency of the find-
ings to support the interlocutory judgment. (*Rossi* v. *Caire,
supra.*)

The supreme court begins its review of the findings with
this sentence: ''The findings do not show any ground for the
intervention of a court of equity to supervise, or direct, the
proceedings of the trustees.'' After an exhaustive considera-
tion of the subject, including a discussion of authorities cited,
the court says: ''The consequence of these conclusions is that
the interlocutory judgment and all the subsequent proceed-
ings and orders are unsupported by the facts and without
authority; on the facts found the judgment should have been
for the defendants.''

After disposing of other questions discussed in the briefs,
the decision concludes: ''The orders appealed from are re-
versed and the interlocutory judgment and all subsequent
proceedings vacated.''

Upon the going down of the *remittitur,* defendants, basing
their motion on the decision of the supreme court, and the
portions thereof hereinabove quoted, moved the lower court
for judgment in favor of defendants and against plaintiff.
The court granted this motion, at the same time refusing
plaintiff permission to file an amended and supplemental com-
plaint. The sole question engaging our attention is the cor-
rectness of the court's ruling in entering judgment, based on
the higher court's decision and in not allowing plaintiff to
proceed further in the action.

Under the uniform authorities in this state we are of the
opinion that the lower court erred in so doing. The effect of
the reversal of the orders, and the vacation of the interlocu-
tory judgment and all subsequent proceedings, was that the
cause was remanded to the lower court for a new trial of all
the issues made by the pleadings. (*Davis* v. *Le Mesnager,*
155 Cal. 520, [101 Pac. 910]; *Stein* v. *Leeman,* 161 Cal. 502,
[119 Pac. 663].) In reversing the case the supreme court
might have directed what issues should again be tried, and
what should be deemed finally settled by the first trial; how-
ever, it did not do so, and the judgment was merely in gen-
eral terms. This clearly left the whole case to be tried anew,

as if it had not been tried before. (*Glassell* v. *Hansen,* 149 Cal. 514, [87 Pac. 200].) It was not necessary to give express directions that the cause be remanded for a new trial, since the unqualified reversal had that effect. (*Falkner* v. *Hendy,* 107 Cal. 54, [40 Pac. 21, 386], and early cases therein cited.) The effect of the reversal in the case at bar, on the former appeal, was to leave the parties where they stood before the interlocutory decree was made, the parties having the same rights that they originally had. (*Stearns* v. *Aguirre,* 7 Cal. 448; *Phelan* v. *San Francisco,* 9 Cal. 16; *Argenti* v. *City of San Francisco,* 30 Cal. 462.)

A case analogous to the one at bar arose in *Stein* v. *Archibald,* 151 Cal. 220, [90 Pac. 536], which was a case for specific performance. Judgment went for plaintiff. On appeal the supreme court concluded its opinion in the following language: "The court in the application of this principle of equity should have refused a decree for specific performance. The judgment and order are reversed." On the second appeal (*Stein* v. *Leeman,* substituted as defendant, *supra*) the supreme court said: "There is no force in defendant's contention that the decision of that appeal by the court required the lower court, upon the going down of the *remittitur,* to enter judgment for the defendant without trial, and no merit in the motion of defendant to enter such judgment."

The judgment is reversed and the cause is remanded for a new trial in the court below.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 19, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1919.

All the Justices concurred.