[L. A. No. 6700.   In Bank.—November 10, 1922.]

## T. G. WATTERSON, Appellant, v. THE OWENS RIVER CANAL COMPANY, a Corporation, Respondent.

[1] STATUTE OF LIMITATIONS—SECTION 355 OF THE CODE OF CIVIL PROCEDURE—CONSTRUCTION.—Section 355 of the Code of Civil Procedure, providing that if an action is commenced within the time prescribed therefor, and the judgment therein for the plaintiff be reversed on appeal, plaintiff, or, if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal, has no application to a case wherein the judgment in favor of the plaintiff is reversed upon appeal and the cause remanded for a new trial and after such reversal the plaintiff has sought and obtained leave to amend his complaint so as to set forth the same cause of action which he seeks later to assert through a new action commenced after the statutory time, and in which former action and after such amendment he has proceeded to trial and has been permitted to present all of his available evidence and has been nonsuited through the failure of his proofs.

[2] APPEAL—REVERSAL OF JUDGMENT—NEW TRIAL.—The effect of the reversal of the judgment in the plaintiff's favor upon the first appeal in the action pleaded herein in abatement (*Watterson v. Owens River Canal Co.*, 25 Cal. App. 247 [143 Pac. 90]) was that of remanding the cause to the trial court for a new trial.

[3] JUDGMENTS—ABATEMENT—REVIVAL OF ACTION.—A judgment of abatement which is final terminates the action, and the trial court

has no authority to set the judgment aside or to revive the action, except upon motion for a new trial or upon application for relief under section 473 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Inyo County and from an order denying a motion to set aside the judgment. William D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Richard S. Miner and P. W. Forbes for Appellant.

L. C. Hall and A. H. Swallow for Respondent.

RICHARDS, J., *pro tem.*—There are two appeals presented for our consideration in this case; one an appeal from the judgment, the other an appeal from an order refusing to set aside the said judgment and permit the plaintiff to file an amended complaint. A review of the history of the litigation is essential to the proper determination of both appeals. The litigation arose out of the construction, alteration and repair of the Owens River canal in the county of Inyo. A written contract had been entered into between the defendant herein and one Snyder for the performance of said work for the stipulated price of $19,000; said Snyder was required by the terms and conditions of said contract to furnish an undertaking for the due performance of said work, and the plaintiff herein became his surety upon such undertaking. The contract with Snyder was not recorded. Snyder, having failed to perform, the plaintiff took over the work remaining to be done under said contract and completed the same. Having done so, he undertook to assert a lien for the amount due for his said work under the provisions of section 1183 of the Code of Civil Procedure, providing that in the absence of the recordation of such a contract it "shall be wholly void and no recovery shall be had thereon by either party thereto; and in such case the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal

instance of the owner and they shall have a lien for the value thereof.''

In his complaint for the foreclosure of said lien the plaintiff alleged that after the failure of said Snyder to perform said contract an agreement had been entered into between the plaintiff and the defendant, by the terms of which the former was to proceed to complete the work done under said contract, and said plaintiff demanded a personal judgment against the defendant for the amount expended by him in completing said work under said new agreement between himself and the defendant and for the foreclosure of his lien under said section of the code. The plaintiff recovered a judgment in his favor in said action. The defendant took an appeal from such judgment, which appeal came before the district court of appeal for the second district for hearing and was, on July 29, 1914, determined by said court, at which time said judgment was reversed. (*Watterson* v. *Owens River Canal Co.,* 25 Cal. App. 247 [143 Pac. 90]) ; the court holding that the plaintiff as the surety of said Snyder, and standing in his place in the performance of said contract was not entitled to claim or assert a lien under the provisions of section 1183 of the Code of Civil Procedure any more than his principal, Snyder, would have been. The court further stated that the plaintiff's right of recovery, if any, for the value of the labor and materials furnished by him in the completion of said work, was merely a right to recover a personal judgment therefor under like limitations as would have been binding upon his principal, Snyder, and that he would be limited in such recovery by the contract price named in the written contract after adjustment of all additions and deductions due to changes in the work as it progressed, and also after allowing the proper credits for payments made by the owner.

A petition for rehearing was denied by this court September 26, 1914, and the *remittitur* upon said appeal was filed in the superior court on October 1, 1914. Thereafter, and on March 13, 1915, the plaintiff moved the trial court for leave to file an amended complaint in said action, setting forth with much of detail therein in several counts the alleged agreement between the plaintiff and the defendant for the completion of said work after the abandonment by

Snyder of the said contract. The motion of the plaintiff for leave to file this amended complaint was denied on March 16, 1915. On the twenty-fourth day of April, 1915, the plaintiff again moved to amend his former complaint by striking out those portions thereof which referred to his appeals and foreclosure of a lien under the provisions of section 1183 of the Code of Civil Procedure. His complaint as thus amended consisted in the plaintiff's asserted right to recover a personal judgment upon the basis of his alleged agreement with the defendant, by the terms of which he was to complete said work. It was upon the complaint as thus amended that the action was brought to trial a second time, before a jury, in the course of which the plaintiff presented certain evidence as to the existence of said subsequent agreement between himself and said defendant for the completion of said work. At the conclusion of the plaintiff's case the defendant moved for a nonsuit upon several grounds, among which was the ground that the evidence introduced by plaintiff in support of his alleged cause of action wholly failed to prove the existence or making of any contract by and between the plaintiff and the defendant as alleged in the plaintiff's complaint and upon which his cause of action was based. The trial court granted the defendant's said motion for nonsuit and in addition thereto instructed the jury to return a directed verdict in the defendant's favor, and, in accordance with such instruction, the jury returned such verdict, and a judgment in favor of the defendant was entered thereon. An appeal was taken by the plaintiff from this judgment to the district court of appeal for the second district and upon hearing therein said judgment was affirmed on July 24, 1919. (*Watterson* v. *Owens River Canal Co.*, 42 Cal. App. 372 [183 Pac. 816].) On June 18, 1915, within one year after the filing of the *remittitur* upon his first appeal, above noted, reversing the original judgment in the case, and a few days before the taking of his second appeal, the plaintiff herein commenced the present action by the filing of a complaint containing several counts for work and labor alleged to have been performed for the defendant and for materials furnished at its special instance and request. In order to avoid the plea of the statute of limitations and to attempt to bring the case within the provisions of section 355 of the Code of Civil Procedure the

plaintiff set forth in his complaint herein the fact of the commencement of the prior action and in general terms the nature of said action and the history of the proceedings therein up to the time of the commencement of this action, including the fact of the reversal of the said former action upon the first appeal therein. He then proceeded to aver that said first action "involved and still involves the same identical work, labor, materials and money which are mentioned and involved in the present action and that the same identical cause of action set out in the complaint in said first action is also set out in the complaint in this action." To this complaint the defendant interposed a demurrer upon the general ground and also upon the ground that there was another action pending between the same parties for the same cause of action. The trial court sustained this demurrer on the special ground, with leave to amend, whereupon an amended complaint was filed embracing substantially the same allegations concerned in the prior action as those contained in the original complaint, and particularly the averment that said first action involved the same identical work, etc., which are mentioned and involved in the present action, and that the same identical cause of action set out in the complaint in said first action is also set out in the amended complaint in this action. To this amended complaint the defendant again interposed a demurrer upon the same grounds, which the trial court again sustained. Thereafter the plaintiff moved the court for leave to file a second amended complaint embracing practically the same allegations as those contained in the two former complaints and the same averment as to the identical nature of the present action in relation to the former action. The motion to file this second amended complaint was denied by the court, which at the time of doing so made a minute order "that the action abate and that a proper judgment be entered thereafter." The above order was made on July 3, 1919. On August 26, 1919, the court entered a judgment of dismissal of the present action. On October 22, 1919, on motion of the plaintiff, the court set aside said judgment of dismissal and in place thereof ordered a judgment of abatement of the present action, and such judgment was entered in accordance with said order on January 31, 1920. It is from said judgment of abatement that the first of these

appeals has been taken. On March 11, 1920, and prior to taking said appeal, the plaintiff herein moved to set aside the judgment of abatement thus entered, upon the ground that the former action which had been pending at the time of the commencement of this action and the time of filing or proposed filing of the several complaints herein, had been terminated by the filing of the *remittitur* in the second appeal therein on September 24, 1919, showing the affirmance of the judgment of nonsuit therein. The plaintiff, also, at the same time made a motion for leave to file a further amended complaint in the present action. The trial court denied both of said motions and it is from its order in that regard that the second of these appeals has been taken.

[1] Upon his appeal from the judgment of abatement, based, as it was, upon the pendency of the former action, the appellant insists that under the express provisions of section 355 of the Code of Civil Procedure he was entitled to commence and maintain the present action, notwithstanding the pendency of the former action. Said section provides: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal." This, the plaintiff contends, is precisely what he has done, and having done so, the plea of another action pending should not have failed to abate the action, which, under this section of the code, he was expressly authorized to institute. We are of the opinion that the plaintiff, if he was ever in a position to avail himself of the provisions of the section of the Code of Civil Procedure last above quoted, for the purpose of commencing and maintaining the present action, is no longer in a position so to do.

[2] The effect of the reversal of the judgment in the plaintiff's favor upon the first appeal was that of remanding the cause to the trial court for a new trial. (*Stein* v. *Leeman,* 161 Cal. 505 [119 Pac. 663]; *Davis* v. *Le Mesnager,* 155 Cal. 520 [101 Pac. 910]; *Glassell* v. *Hansen,* 149 Cal. 511 [87 Pac. 200]; *Falkner* v. *Hendy,* 107 Cal. 54 [40 Pac. 21]; 2 Hayne, New Trial and Appeal, p. 1716.) Upon the return of the said cause for retrial the plaintiff moved

the court for leave to amend his former complaint therein so as to eliminate therefrom all reference to his assertion and foreclosure of a lien and to leave said action one for the recovery of a personal judgment based upon the plaintiff's alleged later agreement with the defendant for the completion of the work to be done under the Snyder contract. Being thus permitted upon his motion to amend his former complaint in this regard he was granted thereby substantially the same rights and the same relief which he might otherwise have obtained by the commencement of a new action under the provisions of section 355 of the Code of Civil Procedure, and having been granted that right and that relief, and having proceeded to trial upon his said amended complaint in said former action, and having presented his proofs therein, and having failed thereby to establish his cause of action as asserted in his said amended complaint, and having suffered a judgment of nonsuit therein, he cannot now be permitted, after the statute of limitations has run upon his said cause of action, to avail himself of the provisions of section 355 of the Code of Civil Procedure by commencing a new action based, as he repeatedly alleges in his various complaints filed therein, upon the same identical cause of action as that embraced in his former suit.

A brief history of the origin and application of section 355 of the Code of Civil Procedure will serve to show that it can be given no application to the facts of this case. Section 355 of said code was originally enacted as section 26 of an act defining the time for commencing civil actions, passed April 22, 1850, in which it appears in substantially its present form. It was evidently taken from the commissioner's Code of Civil Procedure, reported in that year to the legislature of the state of New York, wherein it appears as section 588 thereof, but which upon its adoption was numbered section 104 of the New York Code of Civil Procedure. The provision had its origin in the English statute of 21 James I, c. 16, wherein, although more quaintly phrased, it appears in substance as later engrafted upon the New York code. Subsequently to its insertion in the Code of Civil Procedure in New York as section 104 thereof it was amended so as to have application only to cases wherein a judgment was reversed on appeal without award-

ing a new trial, or where the action was terminated in any other manner, either by a voluntary discontinuance or a dismissal of the complaint for neglect to prosecute the action, or a final judgment on the merits. In most of the states of the union similar provisions, evidently derived from the same original source, are to be found. Some of these are general in terms, as is our statute, and others contain various limitations; as, for example, in the state of Vermont it is provided that if an action commenced within the time limited is abated, or fails through an insufficient service of process, or by unavoidable accident, the plaintiff may commence a new action within a year after the termination of the former one. So, also, in the state of Kansas the statute provides that if in an action commenced within due time the judgment for the plaintiff should be reversed, or if the plaintiff fail in said action otherwise than upon the merits, a new action may be begun within a year after such reversal or failure. There is a similar provision in the state of Oklahoma, while in the state of Michigan the statute is in substantially the same form as that in the state of Vermont. Provisions similar in form to that contained in our own code are to be found in the statutes of Alabama and Mississippi. In fact, the statutes of most of the states contain the like provision in one form or another and there have been many decisions construing these various statutory enactments. It is not necessary to review these various statutes or the decisions construing them since it has never been held, so far as our investigation has gone nor so far as we are referred by counsel, to any case, that this provision, however varying its form, has been given application to a case wherein the judgment in favor of the plaintiff is reversed upon appeal and the cause remanded for a new trial, and where, after such reversal, the plaintiff has sought and obtained leave to amend his complaint so as to set forth the same cause of action which he seeks later to assert through a new action commenced after the statutory time; and in which former action and after such amendment the plaintiff has proceeded to trial and has been permitted to present all of his available evidence and has there been nonsuited through the failure of his proofs. To permit thereafter the institution of a new action based upon the same identical cause of action would be to permit a violation of

those other provisions of the statute which enable a defendant to defeat such an action by a plea in bar or by the plea of another action pending in the event such former action has not already been terminated. We are satisfied that section 355 of the Code of Civil Procedure was not available to enable plaintiff to avoid the plea of the statute of limitations or the plea of another action pending in the instant case.

[3] The plaintiff upon his second appeal insists that the trial court was in error in denying his motion to set aside the judgment of abatement therein after it appeared that the former action had been terminated by the affirmance of the judgment upon the second appeal; and was further in error in refusing to allow him leave to file a third amended complaint. There is no merit in either of these contentions. The judgment of abatement was a final judgment and terminated the action. (1 C. J. 26, 27; *Klamath Lumber Co.* v. *Bamber,* 74 Or. 287 [142 Pac. 359, 145 Pac. 650]; *Brown* v. *Fletcher's Estate,* 146 Mich. 401 [123 Am. St. Rep. 233, 15 L. R. A. (N. S.) 632, 109 N. W. 686]; *Crane* v. *French, Admr.,* 38 Miss. 503; *Emry* v. *Chappell,* 148 N. C. 327, 330 [62 S. E. 411].) The trial court had, therefore, no authority to set said judgment aside or to revive said action, except upon motion for a new trial or upon application for relief under section 473 of the Code of Civil Procedure. Having, therefore, properly denied the plaintiff's motion to set aside said judgment of abatement upon the grounds stated, it follows that the court was not in error in refusing the plaintiff's application for leave to file a third amended complaint; and it is not, therefore, necessary for us to consider whether or not the plaintiff's proffered third amended complaint stated a cause of action. All other points discussed are without merit.

The judgment and order are affirmed.

Lennon, J., Waste, J., Wilbur, J., Lawlor, J., and Shaw, C. J., concurred.

Rehearing denied.

All the Justices present concurred.