[Civ. No. 1532.   Fourth Appellate District.—February 4, 1935.]

P. A. HEINFELT et al., Respondents, v. FRED ARTH, Appellant.

Burton E. Hales for Appellant.

Swing & Swing for Respondents.

BARNARD, P. J.—This action was brought to collect a real estate commission from the defendant. The action was tried in April, 1932, with further hearings in May and September of that year. The court's only finding was to the effect that the National Realty Company, a copartnership, was not a licensed real estate broker at the time the alleged cause of action arose. A judgment for the defendant was entered which was reversed on appeal. (*Heinfelt* v. *Arth*, 135 Cal. App. 445 [27 Pac. (2d) 420].)

Thereafter, the plaintiffs gave notice that they would, on February 19, 1934, move the court to make and enter findings of fact and conclusions of law in accordance with the prayer of the complaint and would move for judgment in their favor upon the ground that "under the evidence and the conclusions and findings of this Court in said action and the decision of the District Court of Appeal of the State of California, in and for the Fourth Appellate District, made and entered in the above-entitled matter on the appeal thereof to said Court, plaintiffs are entitled to judgment as prayed for". On March 30, 1934, findings of fact and conclusions of law were filed, in which it was found that all of the allegations of the complaint are true and all of the denials set out in the answer are untrue. On the same day a judgment was entered in favor of the plaintiffs, reciting that the plaintiffs had moved the court that findings of fact be made and entered in their favor as prayed for in the complaint, that the court had made and entered findings of fact and conclusions of law, and that judgment had been ordered in favor of the plaintiffs. From this judgment the defendant has appealed.

The appellant contends that the previous order of reversal entitled him to a new trial and that the court erred in mak-

ing findings and entering judgment without a further hearing on the issues. It would appear from the record that on the hearing of the motion for findings and judgment it was not stipulated that the transcript of the proceedings on the former trial be used and no other evidence was received.

Prior to the first appeal no facts had been found with the exception of the one concerning the license. The respondents argue that at the first trial the court had in effect found for them upon all issues with the exception of the matter of the license. This is based upon the fact that some ten days before the filing of the findings on the first trial there was filed what purports to be a "Decision" by the trial judge in which it is stated: "The facts in this case would support a judgment for the plaintiff . . . but the plaintiff was unable to establish the fact that (it was) a duly licensed real estate broker. . . . For this reason judgment must go for the defendant. Defendant will prepare findings in accordance herewith." This did not purport to be and was not a finding of fact and it is well settled that such an opinion expressed by the trial judge is not a part of the record.

In support of their contention that no further hearing was required the respondents cite a number of cases from other states and a few early cases from this state. The cases cited from this state are not in point and, whatever may be the rule elsewhere, it is thoroughly settled in this state that an unqualified reversal on appeal has the effect of remanding a cause for a new trial and places the parties in the same position as if the case had never been tried. (*Sharp* v. *Miller,* 66 Cal. 98 [4 Pac. 1065]; *Myers* v. *McDonald,* 68 Cal. 162 [8 Pac. 809]; *Falkner* v. *Hendy,* 107 Cal. 49 [40 Pac. 21, 386]; *Estate of Pusey,* 177 Cal. 367 [170 Pac. 846]; *Stein* v. *Leeman,* 161 Cal. 502 [119 Pac. 663]; *Davis* v. *Le Mesnager,* 155 Cal. 519 [101 Pac. 910]; *Watterson* v. *Owens River Canal Co.,* 190 Cal. 88 [210 Pac. 625]; *Central Sav. Bank of Oakland* v. *Lake,* 201 Cal. 438 [257 Pac. 521]; *Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970]; *Monson* v. *Fischer,* 219 Cal. 290 [26 Pac. (2d) 6]; *Rossi* v. *Caire,* 39 Cal. App. 776 [180 Pac. 58]; *Riedy* v. *Bidwell,* 93 Cal. App. 202 [269 Pac. 682].)

The respondents further contend that the error, if any, in depriving the appellant of a new trial is one of pro-

cedure, is not prejudicial, and cannot be held to have resulted in a miscarriage of justice under section 4½ of article VI of the Constitution. We are unable to agree that this error was without prejudice. No evidence was introduced at the hearing on the motion which resulted in the judgment now appealed from. The appellant was entitled to amend his pleadings if so advised. We cannot assume that there would be no additional evidence, and nearly two years had expired since the court heard the evidence. Moreover, the point now under consideration calls for an inspection of the evidence, and a transcript of the proceedings at the first trial has been filed in connection with this appeal. Without holding that the same is properly a part of the record here, we may add that it appears therefrom that the court erred in excluding certain evidence material to the defense raised that no binding contract of sale, covering the property for the sale of which a commission is sought, had been procured by the respondent brokers. ■ This evidence was excluded on the ground that the same tended to vary the terms of a written contract but that rule, which applies only between the parties to such a contract or their successors in interest (Code Civ. Proc., sec. 1856), had no application here. We think the denial of a new trial to the appellant was not a mere technical error, but was one which substantially affected his rights.

The judgment is reversed and the cause is remanded for a new trial.

Marks, J., and Jennings, J., concurred.