[Civ. No. 2733.    Second Appellate District, Division One.—July 24, 1919.]

## T. G. WATTERSON, Appellant, v. THE OWENS RIVER CANAL COMPANY (a Corporation), Respondent.

[1] PLEADING — ACTION TO FORECLOSE LIEN — REVERSAL OF JUDGMENT ON APPEAL—AMENDMENT OF COMPLAINT—DIFFERENT CAUSE OF ACTION—DISCRETION OF COURT.—After a judgment in favor of the plaintiff in an action by a surety on a contractor's bond for the foreclosure of a lien for labor and materials furnished by him in the completion of a contract after abandonment of the work by the contractor is reversed on appeal on the ground that the plaintiff is not entitled to a lien, it is not an abuse of discretion to refuse to permit the filing of an amended complaint for labor and materials furnished at the special instance and request of the defendant.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Richard S. Miner and P. W. Forbes for Appellant.

L. C. Hall for Respondent.

CONREY, P. J.—After the first trial of this action, wherein a judgment had been rendered in favor of the plaintiff, that judgment was reversed by this court. (25 Cal. App. 247, [143 Pac. 90].) On the second trial the court granted defendant's motion for a nonsuit, and judgment was entered in favor of the defendant. From this judgment the plaintiff now appeals.

The complaint upon which the case was first tried was framed to state a cause of action for the foreclosure of a

lien claimed by the plaintiff on real property, known as the
Owens River Canal, for labor and materials furnished by
the plaintiff of the alleged reasonable value of $20,189.54,
which said amount was also alleged to be the whole amount
of the contract price. It was alleged that on or about the
sixteenth day of February, 1909, plaintiff and defendant
entered into an agreement under which the plaintiff was
to perform labor and furnish materials to be used in the
construction, alteration, addition to, and repair of said
Owens River Canal. The complaint described the labor
and materials furnished and alleged that the contract had
been fully performed by the plaintiff and the same was
completed and said work finished and said materials fur-
nished and used on the sixteenth day of April, 1909, and
that on the same date the construction, alteration, addition
to, and repair of the canal was finished. It was further
alleged that said labor and materials were furnished and
used in said work on said canal at the personal instance
and request of the defendant Owens River Canal Company;
that no part of the contract price for said work and labor
furnished had been paid, and that the whole of the sum
stated was still due, owing, and unpaid to plaintiff. Other
allegations were made showing the due filing and recording
of a notice of claim of lien.

The answer of the defendant to that complaint contained
denials covering the principal allegations of the complaint.
The answer contained a further affirmative defense show-
ing that the original contract for the work in question was
a written contract, dated November 30, 1908, made with
one P. N. Snyder, under which the contract price was to
be nineteen thousand dollars; that at the time of the execu-
tion of that contract the plaintiff Watterson executed to
the defendant an undertaking in the sum of five thousand
dollars, conditioned upon due performance of the contract
by the contractor. Without making here a long statement
of the case, suffice it to say that the defendant claims that
when, on the sixteenth day of February, 1909, the plaintiff
took charge of the work which he afterward conducted to
completion, he did so on behalf of Snyder, for the purpose
of preventing default on the contract and to save and keep
himself harmless from the penalties provided in his bond;
and that no contract relation whatever, except by reason

of said bond, existed between the defendant and the plaintiff.

It was established at the former trial, and likewise at the later trial, that no written contract has ever been made between the plaintiff and the defendant; that the Snyder contract was not recorded before the commencement of the work, and that the defendant has paid the full amount of the contract price named in the Snyder contract.

Upon the evidence shown by the record before us on the former appeal we held that the plaintiff could not successfully maintain that changes were made in the work outside of the terms of the written contract or without the consent of Watterson, and that he had not been thereby released from his liability on the bond. We further held that when Snyder told Watterson to go ahead and finish the work of the contract and Watterson consented and proceeded in accordance with that request, he was in the situation of a surety on a contractor's bond who undertakes to finish the contract work for his principal; therefore, that he was not a person acting "at the personal instance of the owner," as described in section 1183 of the Code of Civil Procedure, or entitled to any lien for the value of anything furnished or done by him. The court further said in the opinion rendered: "His right of recovery, if any, for the value of the labor and materials furnished by him, was merely the right to recover a personal judgment therefor, under like limitations as were binding upon Snyder. As Mr. Watterson succeeded and in that way represented the contractor, it follows that Watterson would be limited in his recovery (as in like circumstances the contractor would have been) by the contract price named in the written contract, after adjustment of all additions and deductions due to changes in the work as it progressed, and also after allowance of the proper credits for payments made by the owner. (*Laidlaw* v. *Marye*, 133 Cal. 170, 176, [65 Pac. 391]; *Condon* v. *Donohue*, 160 Cal. 749, 754, [118 Pac. 113].) In the trial of this action, however, this plaintiff not only attempted to assert a lien, but has obtained a decree affirming his claim without regard to the limitations above noted. With respect to the cause of action stated in plaintiff's complaint, his right to recover herein and to enforce the lien claimed by him depends primarily upon the allegation and finding that on or about the six-

teenth day of February, 1909, plaintiff and defendant entered into an agreement, under which plaintiff was to furnish certain labor and materials, for the purposes named. There is no evidence of any such agreement, unless the fact could be derived from the circumstances to which we have referred. As these circumstances do not support the claim as to the alleged contract, the appeals must be sustained as to him.''

The *remittitur* on the former appeal was filed with the clerk of the superior court on the first day of October, 1914. On March 13, 1915, pursuant to notice given, a motion was made by the plaintiff to file an amended complaint. The first ground of appeal argued by appellant is that the court erred in denying that motion. So far as necessary for consideration at this time, the differences between the former complaint and the proposed amended complaint are as follows: Paragraph III of the former complaint alleged that on or about the sixteenth day of February, 1909, plaintiff and defendant entered into an agreement and contract under and by which the plaintiff was to perform, furnish, and bestow certain labor in and upon the construction, alteration, addition to, and repair of said Owens River Canal, and to furnish certain materials, etc. The proposed amended complaint, in the corresponding paragraph thereof, alleges that between the fifteenth day of February, 1909, and the seventeenth day of April, 1909, at the special instance and request of the defendant, plaintiff, by and with the aid and means of a large force of men, etc., performed work and labor amounting to a stated number of days in and upon the construction, alteration, etc., of said canal. The former complaint alleged that in pursuance of said agreement and contract the plaintiff performed labor in connection with said work for a stated number of days at stated prices per day, amounting to a stated total sum; that he also furnished materials amounting to a stated sum of money in the prosecution of said work; that said contract has been fully performed on the part of the plaintiff and the same was completed and the work finished on the sixteenth day of April, 1909, and the construction, alteration, etc., of the canal was finished on the sixteenth day of April, 1909. Paragraph VI of the former complaint stated that the labor and materials so furnished were of a

stated reasonable value, the total thereof amounting to the sum of $20,189.54. Paragraph VII stated that the said labor furnished, performed, and bestowed as aforesaid and the materials furnished and used in said work were performed and furnished at the personal instance and request of the defendant, but it was not alleged that the defendant agreed to pay the "reasonable value" thereof. The proposed amended complaint omits the direct allegation that the parties on the sixteenth day of February, 1909, entered into a contract, and that the amount of the contract price therefor was a stated and fixed sum of money. It merely states, as above shown, that between said periods the work was done at the special instance and request of the defendant; that in consideration of the same the defendant undertook, promised, and agreed to pay plaintiff whatever said work and labor was reasonably worth, and that the work and labor so furnished was of the reasonable value of $21,136.10. In like form the proposed amended complaint states a cause of action for the sum of $312.85, the reasonable value of powder, fuse, and caps furnished in the doing of said work. For a third cause of action the proposed amended complaint alleges that between the said dates at the special instance and request of the defendant, the plaintiff paid, laid out, and expended for the use and benefit and advantage of the defendant upon said canal in said work the sum of $18,490.73, and also for powder, fuse, and caps in the sum of $312.85; that in consideration thereof the defendant undertook, promised, and agreed to repay to the plaintiff the full amount thereof and to pay plaintiff the sum of $18,490.73, that being the full amount so due as aforesaid advanced and paid out by plaintiff for the use of defendant. The former complaint alleged that "on the sixteenth day of February, 1909, a large portion of the said construction, alteration, addition to, and repair of said Owens River Canal had been done and made, by another person, under a pre-existing and invalid contract." This allegation was omitted from the proposed amended complaint.

The motion as presented to the court on March 13, 1915, was made upon the papers, files, and records of the court, including the decision of the district court of appeal on the former appeal and the *remittitur* thereon. Plaintiff now

claims, and the motion was made upon the ground, that the said proposed amended complaint is necessary and proper in order to rightfully and regularly present and prosecute his cause of action herein, and in order to have the complaint conform to the decision of the court of appeal and in accordance with the *remittitur* thereon, and upon the further ground that the proposed amendment is and will be in furtherance of justice. The motion so presented was denied.

On the twenty-fourth day of April, 1915, pursuant to notice duly given, the plaintiff moved to amend said former complaint by striking out certain portions thereof, and also moved for a jury trial of the case. This motion was granted and a jury trial was allowed. The amendment consists in striking out those portions of the former complaint which set forth the filing of a notice of claim of lien and the payment of the necesssary charge and expense for preparing and recording the same, and the prayer that said several sums claimed by the plaintiff be adjudged and decreed to be a lien upon and against the property described in the complaint. It was upon the complaint as thus amended that the action was tried a second time. It should also be noted that the proposed amended complaint which the court did not permit to be filed did not contain any reference to plaintiff's claim of lien, and prayed only for a money judgment.

[1]   1. The court did not commit any error or abuse of discretion in refusing to allow the filing of the proposed amended complaint. As stated by counsel for appellant, the substance of his application was for leave to change his complaint from one upon an express contract to one upon an implied contract. So far as appeared to the court upon the record before it, and so far as now appears, the plaintiff has known from the beginning of this litigation all of the facts necessary to enable him to properly state his cause of action. With that knowledge, in filing his original complaint, verified by his oath, he alleged that on or about the sixteenth day of February, 1909, plaintiff and defendant entered into a contract on which he based his claim in the action. Ten months intervened between the filing of that complaint and the commencement of the first trial. An additional period of more than one year expired before

the decision was made by the lower court following upon that trial. About five months passed after the case was sent back to the court below before this application now under review was made. We recognize the rule which recommends liberality in the allowance of amendments to pleadings; nevertheless, within reasonable limits, the granting or denial of applications to amend remains within the discretion of the trial court. In exercising that discretion the court should take into consideration not only the rights of the party seeking to amend, but also the rights of his opponents. It is not in every instance that the court is imperatively required to permit a plaintiff to substantially change the allegations of his complaint. That the plaintiff was not really entitled to thus change the statement of his cause of action became apparent subsequently at the trial, as will be seen when we consider his own acts as shown by his testimony.

2. On closing of the case as presented by the plaintiff's evidence defendant on various grounds moved for an order of nonsuit. This motion was granted and judgment entered for the defendant. Appellant contends that the court erred in granting this motion. The grounds of the motion included, among others, the following: (2) That the evidence introduced by plaintiff in support of his alleged cause of action wholly fails to prove the existence or making of any contract by and between the plaintiff and this defendant, as alleged in plaintiff's complaint and upon which his cause of action is based. (4) On the ground that the evidence shows that any money, if any was expended by T. G. Watterson, or if any work was performed in the construction of said canal, the same was furnished and performed by him as a part of the contract of November 30, 1908, in evidence.

The granting of the motion is supported by both of the reasons stated. In our decision on the former appeal we made a statement of facts with respect to the Snyder contract and specifications and the undertaking given by Watterson in connection therewith and the consideration named in the contract, and the failure to record the contract before commencement of the work, and the circumstances which led to the substitution of Watterson for Snyder as the person in actual charge of the work of construction, and the

absence of any formal contract, either written or unwritten, between the plaintiff Watterson and the defendant by virtue of which Watterson undertook to complete the work. All of these facts appear on the record of the second trial to the same effect as before, and therefore we refer to our former statement of facts on these matters without repeating the statement here.

Appellant claims that on the second trial he has produced additional evidence tending to support his allegation that at the time when he took charge of the work, to wit, on or about the sixteenth day of February, 1909, an agreement for said work was entered into between himself and the defendant. We have examined this additional evidence and are not able to agree that it strengthens the plaintiff's case. This evidence as discussed in the briefs of counsel for appellant refers especially to certain negotiations to which one Chappelle was a party. Chappelle was not a stockholder of the defendant corporation. He was interested in certain other corporations which had business relations with defendant corporation, and in that way he was interested in the successful completion of this canal work. For that reason he advanced some of the money paid by defendant on account of the contract. On the sixteenth day of February, 1909, while the plaintiff was negotiating with Mr. Hall, a director of the defendant corporation, and with another director and with the corporation's engineer of the work, a request was made for an advancement on the Snyder contract, of some money necessary to enable the plaintiff to go on with the work—such money being not yet due. They found it necessary to consult with Mr. Chappelle, or report to him, concerning the situation. The plaintiff and Mr. Hall jointly prepared a telegram to Mr. Chappelle, which telegram was rewritten by the plaintiff and by him was sent to Chappelle at Pasadena, California. This telegram was signed by Teel, president of the corporation, and Kevil, the engineer. It read as follows: "Snyder requires more money present needs. Watterson assumes charge and responsibility under same. We recommend advance of two thousand dollars on account. Wire answer." On the next day Mr. Hall notified plaintiff that he would pay plaintiff the two thousand dollars which had been O. K.'d by Mr. Chappelle. On the same day the plaintiff received this money and he immediately

proceeded with the work. The plaintiff, in his testimony, admitted that he never, before the time when he completed the work, asked or demanded of the defendant any money on work done under his supervision separate from the Collins and Snyder account, and that he never kept any account of the work under his supervision separate from the account that embraced the work from the beginning under the Snyder contract; that he never gave any notice to any officer of the corporation or to the corporation that he claimed to be working under a contract of his own, or that he was not completing it as Snyder's bondsman; that the defendant did not, nor did any of its officers, agree to pay him anything upon any basis separate or apart from the obligation under their contract with Snyder, "other than the understanding that when the job was completed I was to be paid for the extra work." But the Snyder contract and specifications themselves provided for payments for extra work. This "additional evidence" upon which appellant relies consisted principally of the testimony of certain witnesses to the effect that they had heard Director Smith of defendant company say that he had seen Mr. Chappelle and that Chappelle stated he was glad that Mr. Watterson had gone on with the work, and that when it was completed there would be no question of a right settlement. This really added nothing favorable to plaintiff's contention herein. Complaint is now made that some of this testimony was stricken out by the court as hearsay. We think there was no error in this; but even if it had been error, no harm was done, because there is in evidence a letter written by Chappelle to the plaintiff on February 24, 1909, in which Chappelle said that he was glad that Watterson had taken charge and would see the work finished, and that when it was completed he would feel like doing whatever was right and fair in making the final settlement. None of this evidence tends to show that these parties thought they were making a separate contract with Watterson. Watterson's receipt for the two thousand dollars paid to him on February 17, 1909, as well as the other receipts given by him, all referred to the payments mentioned therein as payments on account of the Snyder contract. The evidence drives straight to the conclusion that plaintiff's efforts to establish a separate new contract

of defendant with himself is an attempt to avoid the limitations of the contract price as fixed by the Snyder contract. Unfortunately for the plaintiff, the facts do not support his theory of the case.

The evidence shows that the payments made by the defendant (including certain counterclaims to which it is admitted that defendant is entitled on account of payments made to subcontractors, etc., in order to relieve the canal property from liens) exceed the sum of nineteen thousand dollars, the price named in the Snyder contract. That price was subject to increase or decrease if changes in the work were made, increasing or decreasing the cost of the work as provided by the specifications. But the plaintiff, in order to establish any increase in the contract price above the stated price of nineteen thousand dollars, must have subjected his action to that contract as the measure and test of his right to recover. This necessity he refused to recognize. In the complaint on which the case was tried, and also in the complaint which the court refused to permit him to file, plaintiff has persistently ignored the price fixed by the Snyder contract, which limits any right which he may have had to recover any judgment against the defendant, and has insisted upon a separate contract between himself and the defendant, the existence of which he has failed to prove. The plaintiff elected to stand or fall upon the proposition stated in his counsel's reply brief: "Plaintiff has contended from the beginning, and still contends, that he never assumed to take up the work upon the canal under Snyder."

There are many exceptions noted to rulings upon evidence. We have examined all of them. The rulings were free from any error which can be said to have prejudiced the plaintiff in his right to a full and fair presentation of his case.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 22, 1919.

All the Justices concurred.