Filed 9/20/22; Certified for Publication 10/17/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CSV HOSPITALITY MANAGEMENT LLC, <br>     Plaintiff and Respondent, <br> v. <br> JERMORIO LUCAS, <br>     Defendant and Appellant. | A163345 <br><br> (San Francisco County <br> Super. Ct. No. CCH-21-583388) |

Jermorio Lucas appeals from an order granting the request by petitioner CSV Hospitality Management LLC (CSV) for a restraining order under the Workplace Violence Safety Act (Code Civ. Proc., § 527.8).[1] Lucas argues that he was denied his statutory and confrontational rights by being disallowed to cross-examine CSV's employee witness during the evidentiary hearing. We agree, and reverse the order.

**I.**

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

1

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Request for a Restraining Order

At the time of the hearing on CSV's restraining order request, Lucas was living at the Aranda Residence, a residential hotel that provides supportive housing to formerly homeless individuals.

In January 2021, CSV filed a petition for a workplace violence restraining order against Lucas. CSV submitted affidavits from four of its employees in support of the petition. The employees alleged that Lucas had been very aggressive and confrontational towards other tenants and Aranda Residence employees. For example, janitors Nelson Yee and Pedro Caamal stated that Lucas frequently subjected them to verbal abuse while they were working. He would also stalk them and take photos and videos of them without their consent. Caamal stated that during one such incident, Lucas forcefully pushed him into a window. Yee reported that Lucas had also confronted him at two local businesses when Yee was off duty. The trial court granted a temporary restraining order and set the matter for an evidentiary hearing.

Lucas filed a response to the petition. He denied all of the allegations against him. He stated that he recalled only one disagreement with Caamal, which involved a dispute over coronavirus social distancing protocols. He complained that Yee had addressed him with a racial slur and had harassed him, frequently watching him when he left the bathroom after showering. He indicated that he took Yee's photograph in order to complain about him to the property manager.

### B. The Evidentiary Hearing

The hearing on CSV's petition was held on February 26, 2021. Both parties were represented by counsel. At the hearing, only Yee and Lucas

2

provided testimony. The trial court questioned Yee regarding the allegations he had made in his affidavit. Yee affirmed that each of the allegations was correct. Lucas then testified, answering questions posed by his attorney. He denied the allegations that Yee had leveled against him, asserting that Yee was harassing him and that he had repeatedly asked Yee to leave him alone. After Lucas' testimony was concluded, the court stated it was ready to rule. Lucas' counsel requested an opportunity to cross-examine Yee and any of the other witnesses.

The trial court refused to allow Lucas's counsel to cross-examine Yee concluding that the hearing was not a court trial, and there was no authority to allow cross-examination at such a hearing. The trial court then granted a three-year workplace violence restraining order, based on "clear and convincing evidence" that had "been supported" and was "logical" and "believable." In contrast, the court found that Lucas' testimony was "not logical" and "not believable." The order was entered on July 9, 2021, and protects the four employees named in CSV's petition. Under the order, Lucas is required to refrain from harassing, threatening, following, or contacting the four employees. He also must comply with stay away orders and is forbidden from possessing a firearm. Violations of the restraining order are punishable by up to one year in jail, and/or a fine of up to $1,000.

## II.

## DISCUSSION

### A. The Workplace Violence Safety Act

Section 527.6 authorizes a person who has suffered harassment to obtain an injunction to prevent further harassment. Section 527.8, subdivision (a) provides the same right to an employer: "Any employer, whose employee has suffered unlawful violence or a credible threat of violence from

3

any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an order after hearing on behalf of the employee and, at the discretion of the court, any number of other employees at the workplace, and, if appropriate, other employees at other workplaces of the employer." "[I]njunctive proceedings under section 527.8 are intended to parallel those under section 527.6, which are procedurally truncated, expedited, and intended to provide quick relief to victims of civil harassment." (*Kaiser Foundation Hospitals v. Wilson* (2011) 201 Cal.App.4th 550, 557; *Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 333 (*Scripps*); see also *USS-Posco Industries v. Edwards* (2003) 111 Cal.App.4th 436, 443 [Section 527.8 "address[es] the growing phenomenon in California of workplace violence by providing employers with injunctive relief so as to *prevent* such" acts].)

To obtain a workplace violence restraining order, an employer must prove its employee has suffered unlawful violence or a credible threat of violence from an individual in the workplace. (§ 527.8, subds. (a), (e).) The employer "must establish by clear and convincing evidence not only that [the individual] engaged in unlawful violence or made credible threats of violence, but also that great or irreparable harm would result to an employee if a prohibitory injunction were not issued due to the reasonable probability unlawful violence will occur in the future." (*Scripps, supra,* 72 Cal.App.4th at p. 335; *City of San Jose v. Garbett* (2010) 190 Cal.App.4th 526, 537-538 (*Garbett*).) "[T]he requirement of establishing the reasonable probability wrongful acts, or simply unlawful violence, will occur in the future guarantees that injunctive relief will be issued to prevent future harm instead of punishing past completed acts." (*Scripps,* at p. 335, fn. 9.)

**B. Standard of Review**

Ordinarily, "we review an injunction issued under section 527.8 to determine whether the necessary factual findings are supported by substantial evidence. [Citation.] Accordingly, we resolve all factual conflicts and questions of credibility in favor of the prevailing party, and draw all reasonable inferences in support of the trial court's findings." (*Garbett, supra,* 190 Cal.App.4th at p. 538.)

**C. Lucas Was Not Afforded His Statutory Right to Present Relevant Evidence**

Lucas maintains that the trial court limited his ability to present a defense by depriving him of the opportunity to cross-examine Yee during the evidentiary hearing. We agree. Although, as CSV correctly observes, injunctive proceedings under section 527.8 are truncated, respondents are still afforded the right to present their case.

Section 527.8 provides for an expeditious means to address alleged "workplace violence" as defined under section 527.8, subdivision (b). Judicial Council forms are utilized so that this remedy is easily accessible to the public (§ 527.8, subd. (v)), and while a lawyer is permitted (§ 527.8, subd. (l)), many of these matters proceed in pro per. Except for temporary restraining orders, which may be granted ex parte (§ 527.8, subd. (e)), the issuance of a restraining order under section 527.8 requires notice and a hearing. (§ 527.8, subds. (h) & (m).) When a party seeks an injunction, the court must hold a hearing, receive relevant testimony, and issue the injunction if it finds by clear and convincing evidence that harassment exists. (§ 527.8, subd. (j).)

In the context of civil harassment orders, our courts have observed that "the procedure for issuance of an injunction prohibiting harassment is self-contained. There is no full trial on the merits to follow the issuance of the

5

injunction after the hearing provided by Code of Civil Procedure section 527.6, subdivision (d). That hearing therefore provides the only forum the defendant in a harassment proceeding will have to present his or her case. To limit a defendant's right to present evidence and cross-examine as respondents would have us do would run the real risk of denying such a defendant's due process rights, and would open the entire harassment procedure to the possibility of successful constitutional challenge on such grounds." (*Schraer v. Berkeley Property Owners' Ass'n.* (1989) 207 Cal.App.3d 719, 732-733 (*Schraer*).) The same reasoning applies to proceedings under section 527.8.

Cross-examination of the party who has petitioned for the restraining order constitutes relevant evidence within the scope of the hearing. (See Evid. Code § 773, subd. (a) ["a witness examined by one party may be cross-examined upon any matter within the scope of the direct examination by each other party to the action"].) Although Lucas's counsel specifically asked to cross-examine Yee, the trial court denied that request, stating that Lucas was not entitled to cross examination because the proceeding involved a hearing, not a trial. However, section 527.8, subdivision (j) specifically states that the trial court "*shall* receive *any testimony that is relevant*" during the hearing on a petition filed pursuant to that statute. (Italics added.) The plain language of this provision suggests that the Legislature intended for a trial court to consider all relevant evidence, including evidence obtained by cross examination, when deciding whether to issue an injunction to prevent workplace violence. The court's failure here to allow Lucas to cross-examine Yee was contrary to section 527.8, subdivision (j).

6

## D. Lucas Was Not Afforded His Due Process Rights

The trial court's ruling denying cross-examination also raises due process concerns. The right to due process set forth in the federal and state constitutions requires the government to provide reasonable notice and an opportunity to be heard before depriving a person of life, liberty, or property. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a); *Kentucky Dept. of Corrections v. Thompson* (1989) 490 U.S. 454, 460; *Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.) The due process requirement applies to restraining orders, including those issued under section 527.8. (See *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 949 [failure to comply with statutory notice requirement violates the restrained party's due process rights under section 527.8.]; *Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 866 [party opposing domestic violence restraining order has due process right to testify, and raise questions to be posed to the moving party]; cf. *Schraer, supra,* 207 Cal.App.3d at p. 732 [due process may require oral testimony before issuing civil harassment restraining order]; *In re Jonathan V.* (2018) 19 Cal.App.5th 236, 242 [due process must be satisfied before granting restraining order under Welf. & Inst. Code § 213.5].)

Courts have long recognized the importance of cross-examination and its crucial relationship to the ability to defend against accusations, deeming it a due process right that is fundamental to a fair proceeding. (*Chambers v. Mississippi* (1973) 410 U.S. 284, 294-295; *Goldberg v. Kelly* (1970) 397 U.S. 254, 269-270; *In re Brenda M.* (2008) 160 Cal.App.4th 772, 777 ["The importance of cross-examination cannot be doubted: 'Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.' "].) "Because it relates to the fundamental fairness

7

of the proceedings, cross-examination is said to represent an 'absolute right' not merely a privilege." (*Fost v. Marin County Superior Court* (2000) 80 Cal.App.4th 724, 733; *Fremont Indemnity Co. v. Workers' Comp. Appeals Bd.* (1984) 153 Cal.App.3d 965, 971 (*Fremont*) [describing cross-examination as "fundamental" right].)  Where, as here, a petitioner seeking a workplace violence restraining order has offered testimony as to threats of violence, the respondent has a due process right to cross-examine the witness with respect to those allegations.  (Cf. *Manufactured Home Communities, Inc. v. County of San Luis Obispo* (2008) 167 Cal.App.4th 705, 711 (*Manufactured Home Communities*) ["in 'almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses;" " 'An improper denial of the right of cross-examination constitutes a denial of due process' "]; *Columbia-Geneva Steel Div., etc. v. Ind. Acc. Com.* (1953) 115 Cal.App.2d 862, 865 ["It is a deprivation of constitutional due process to receive evidence without the opportunity to rebut and cross-examine"].)

CVS argues that any error was not prejudicial because there is no indication that the result would have been any different if the trial court had allowed Lucas' attorney to cross examine Yee.  We disagree.  Because we cannot know what Yee would have said on cross-examination, or the effect such testimony might have had on the trial court's decision, the error requires reversal.  (See *Manufactured Home Communities, supra,* 167 Cal.App.4th at pp. 711, 713 [administrative board's refusal to allow defendant to cross-examine witnesses constituted reversible error because, in the absence of " 'the cross-examination . . . , [the court was] unable to say how . . . the [board] would have regarded the facts in evidence in light of further facts which might have been elicited' "]; *Fremont, supra,* 153 Cal.App.3d at p.

8

971 ["The right of cross-examination of witnesses is fundamental, and its denial or undue restriction is reversible error"].)

Because we have concluded that the restraining order must be reversed due to denial of Lucas's right to cross examine Yee, we need not address the parties' remaining arguments.

## III.
## DISPOSITION

The workplace violence restraining order is reversed. The trial court is directed to issue an order terminating the restraining order, reinstating the prior temporary restraining order and setting the matter for a new hearing within the time period proscribed under section 527.8. The parties shall bear their own costs on appeal.

WISS, J.*

WE CONCUR:


HUMES, P. J.



BANKE, J.










A163345N




* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 10/17/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CSV HOSPITALITY MANAGEMENT LLC,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JERMORIO LUCAS,<br><br>        Defendant and Appellant. | A163345<br><br>(San Francisco County Super. Ct. No. CCH-21-583388)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter, filed on September 20, 2022, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.


Dated: _____                    _____

                                        Humes,  P. J.


1

Trial Court: San Francico County Superior Court

Trial Judge:        Hon. Murlene J Randle

Eviction Defense Collaborative, Adrienne Mendle and Ryan D. Murphy for Defendant and Appellant.

Law Office of Michael Heath, Michael Heath and Howard Olsen for Plaintiff and Respondent.