Filed 10/9/24  Sunline Transit Agency v. Raeck CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SUNLINE TRANSIT AGENCY, | |
| Plaintiff and Respondent, | E081735 |
| v. | (Super.Ct.No. CVPS2301604) |
| JOSEPH RAECK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Arthur C. Hester, Temporary Judge.  (Pursuant to Cal. Const., art VI, §21.)  Reversed with directions.

Joseph Raeck, in pro. per. for Defendant and Appellant.

Palmer Kazanjian Wohl Hodson, Christopher F. Wohl, Hallie R. Spaulding, Atkinson, Andelson, Loya, Ruud & Romo, and H. Mae G. Alberto for Plaintiff and Respondent.

1

Plaintiff and respondent SunLine Transit Agency (SunLine) petitioned for a workplace violence restraining order protecting Gloria Salazar (Salazar) from defendant and appellant Joseph Raeck (Raeck). (Code Civ. Proc., § 527.8.) Following an evidentiary hearing, the trial court granted the restraining order through June 7, 2026. Raeck raises three issues on appeal. First, Raeck contends the trial court erred by not permitting him to cross-examine SunLine's witnesses. Second, Raeck asserts SunLine's former general manager should have testified at the hearing. Third, Raeck contends the trial court erred by admitting hearsay. We reverse with directions.

## FACTS

Raeck is a former employee of SunLine. Anthony Garcia (Garcia) is another former SunLine employee against whom SunLine sought a restraining order. SunLine's petitions against Raeck and Garcia were heard at the same time in the trial court.

Raeck and Garcia posted videos on social media with fake images of violence against current and former SunLine employees. One video showed SunLine employees "being punched in the face by the ['B]reaking [B]ad['] character Walter White." Raeck and Garcia also posted a video of a SunLine employee being followed on his/her commute home.

At the start of the evidentiary hearing, the trial court announced that SunLine would present its evidence, and after SunLine "presented [its] side of the case," then Raeck could "address the Court." As SunLine finished its direct examinations of its first, second, and fourth witnesses, each time the trial court said, "Next witness, please." The trial court never invited Raeck to cross-examine SunLine's witnesses. When

2

SunLine rested, Garcia asked, "Your Honor, are we allowed to cross-examine?" The trial court responded, "You'll address the Court." Garcia and Raeck presented argument and documents to the court; they did not call witnesses.

## DISCUSSION

A.     <u>CROSS-EXAMINATION</u>

Raeck contends the trial court erred by not permitting him to cross-examine SunLine's witnesses.

"Courts have long recognized the importance of cross-examination and its crucial relationship to the ability to defend against accusations, deeming it a due process right that is fundamental to a fair proceeding. [Citations.] 'Because it relates to the fundamental fairness of the proceedings, cross-examination is said to represent an "absolute right" not merely a privilege.' [Citations.] Where, as here, a petitioner seeking a workplace violence restraining order has offered testimony as to threats of violence, the respondent has a due process right to cross-examine the witness with respect to those allegations." (*CSV Hospitality Management LLC v. Lucas* (2022) 84 Cal.App.5th 117, 125 (*CSV*).)

Garcia asked if he and Raeck could cross-examine SunLine's witnesses, and the trial court denied them the opportunity to cross-examine witnesses. The trial court erred.

SunLine contends Raeck forfeited the cross-examination issue due to a lack of record citations, relevant legal authority, and legal analysis in his appellant's opening brief. Raeck cited to the reporter's transcript index, which lists only the direct examination of witnesses—no cross-examination is listed. Raeck cited to *Manufactured Home Communities, Inc. v. County of San Luis Obispo* (2008) 167 Cal.App.4th 705, 711, which provides, "In 'almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.' " Lastly, Raeck contended, "[T]he lower court's egregious refusal to permit me to cross-examine the petitioner during the evidentiary hearing egregiously violated [due process]. By constraining my ability to challenge the petitioner's assertions and scrutinize the veracity of their testimony, the court effectively deprived me of a critical mechanism for defending myself against baseless accusations . . . ." In sum, Raeck provided the basic information needed for an appellate argument. Therefore, we reject SunLine's assertion that Raeck forfeited the contention.

" 'Not every instance in which a cross-examiner's question is disallowed will [the] defendant's right to a fair hearing be abridged, since the matter may be too unimportant [citations], or there may be no prejudice [citation], or the question may involve issues which can be brought up at a more appropriate time [citation]. However, where the subject of cross-examination concerns the matter at issue there can be no doubt that the refusal to permit such question[ing] results in a denial of a fair hearing.' " (*McCarthy v. Mobile Cranes, Inc.* (1962) 199 Cal.App.2d 500, 507.)

When arguing in the trial court, Garcia asserted that SunLine sought the restraining order as "a form of retaliation" for past workplace disagreements, such as Garcia advocating for better working conditions. Raeck joined in Garcia's arguments. If cross-examination had been permitted, Garcia and/or Raeck could have asked SunLine's witnesses if they had motives to lie when testifying, e.g., retaliatory motives. Thus, cross-examination likely would have concerned the matter at issue. As a result, the error requires reversal. (*CSV*, *supra*, 84 Cal.App.5th 125 ["Because we cannot know what [the witnesses] would have said on cross-examination, or the effect such testimony might have had on the trial court's decision, [so] the error requires reversal"].)

SunLine contends the error was harmless because Raeck "was provided ample opportunity to be heard by the court and present contradictory evidence at the hearing." Contrary to SunLine's position, opportunities to provide direct evidence and argument are not substitutes for cross-examination. Indeed, "[t]he importance of cross-examination cannot be doubted: 'Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.' " (*In re Brenda M.* (2008) 160 Cal.App.4th 772, 777.) For example, " 'the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness.' " (*Ibid.*) We have no means of knowing what relevant information, if any, Raeck would have produced if given the opportunity to cross-examine witnesses. Therefore, the error is prejudicial.

B.    REMAINING ISSUES

Because we are reversing and ordering a new hearing, Raeck's remaining contentions have been rendered moot.  (*Schoshinski v. City of Los Angeles* (2017) 9 Cal.App.5th 780, 791 [issue is moot when no further relief can be provided].)  Therefore, we will not address the merits of whether the trial court erred by admitting hearsay and proceeding without the former general manager's testimony.

**DISPOSITION**

The restraining order is reversed.  The trial court is directed to hold a new evidentiary hearing within 30 days of the issuance of the remittitur.  (*Hall v. Superior Court* (1955) 45 Cal.2d 377, 381 [" '[A]n unqualified reversal remands the cause for a new trial . . . and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable' "]; *Heinfelt v. Arth* (1935) 4 Cal.App.2d 381, 383 [same rule].)  The trial court shall notify the parties of the scheduled hearing.  The restraining order shall remain effective until the conclusion of the new hearing or 30 days after issuance of the remittitur if no hearing takes place.[1]  If a hearing occurs, and the trial court again grants the restraining order, it may issue a permanent restraining order through June 7, 2026, or for a lesser period.  (*In re Marriage of D.S. and A.S.* (2023) 87 Cal.App.5th 926, 937-938.)  If the trial court denies the petition for a restraining order,

---

[1] The trial court previously denied SunLine's request for a temporary restraining order, so we cannot order that the temporary restraining order be reinstated pending a new hearing.

6

or if no hearing takes place, then the trial court shall issue an order terminating the three-year restraining order.  Raeck is awarded his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.

7