Filed 10/9/24  Skiver v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LAUREN SKIVER, | |
| Plaintiff and Respondent, | E081743 |
| v. | (Super.Ct.No. CVPS2301607) |
| ANTHONY GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Arthur C. Hester, Temporary Judge.  (Pursuant to Cal. Const., art VI, §21.)  Reversed with directions.

Anthony Garcia, in pro. per., for Defendant and Appellant.

Palmer Kazanjian Wohl Hodson, Christopher F. Wohl, Hallie R. Spaulding, Atkinson, Andelson, Loya, Ruud & Romo, and H. Mae G. Alberto for Plaintiff and Respondent.

Plaintiff and respondent Lauren Skiver (Skiver) petitioned for a civil harassment restraining order protecting her from defendant and appellant Anthony Garcia (Garcia). (Code Civ. Proc., § 527.6, subd. (a)(1).) Following an evidentiary hearing, the trial court granted the restraining order through June 7, 2026.[1] Garcia raises three issues on appeal. First, Garcia contends the trial court erred by not permitting him to cross-examine Skiver's witnesses. Second, Garcia asserts Skiver should have testified at the evidentiary hearing. Third, Garcia contends the trial court erred by admitting hearsay. We reverse with directions.

## FACTS

Skiver and Garcia are former employees of SunLine Transit Agency (SunLine). Garcia posted videos on social media with fake images of violence against current and former SunLine employees. One video showed SunLine employees, including Skiver, "being punched in the face by the ['B]reaking [B]ad['] character Walter White." Garcia also posted a video of a SunLine employee being followed on his/her commute home.

At the start of the evidentiary hearing, the trial court announced that Skiver's attorney would present evidence, and after Skiver's attorney "presented [her] side of the case," then Garcia could "address the Court." As Skiver's attorney finished his direct examinations of Skiver's first, second, and fourth witnesses, each time the trial court

---

[1] The record does not include a reporter's transcript from the evidentiary hearing. Therefore, on our own motion, we augment the record with the reporter's transcript of the evidentiary hearing, which was filed in the related case of *Skiver v. Raeck*, Court of Appeal case No. E081741—*Skiver v. Raeck* was heard in the trial court at the same time as the instant case. (Cal. Rules of Court, rule 8.155(a)(1)(B).)

said, "Next witness, please." The trial court never invited Garcia to cross-examine Skiver's witnesses. When Skiver rested, Garcia asked, "Your Honor, are we allowed to cross-examine?" The trial court responded, "You'll address the Court." Garcia presented argument and documents to the court; he did not call witnesses.

## DISCUSSION

### A.    CROSS-EXAMINATION

Garcia contends the trial court erred by not permitting him to cross-examine Skiver's witnesses.

"Courts have long recognized the importance of cross-examination and its crucial relationship to the ability to defend against accusations, deeming it a due process right that is fundamental to a fair proceeding. [Citations.] 'Because it relates to the fundamental fairness of the proceedings, cross-examination is said to represent an "absolute right" not merely a privilege.' [Citations.] Where, as here, a petitioner seeking a workplace violence restraining order has offered testimony as to threats of violence, the respondent has a due process right to cross-examine the witness with respect to those allegations." (*CSV Hospitality Management LLC v. Lucas* (2022) 84 Cal.App.5th 117, 125 (*CSV*).)

"Even though the proceeding for obtaining a civil harassment restraining order is not intended to be a full trial on the merits, the hearing 'provides the only forum the defendant in a harassment proceeding will have to present his or her case.' [Citation.] Thus, the defendant's due process rights are infringed when the defendant's right to

3

present evidence and cross-examine witnesses is unduly limited." (*North Coast Village Condominium Association v. Phillips* (2023) 94 Cal.App.5th 866, 886.)

Garcia asked if he could cross-examine Skiver's witnesses, and the trial court denied him any opportunity to cross-examine witnesses. The absolute denial of cross-examination was an error.[2]

Skiver contends Garcia forfeited the cross-examination issue due to a lack of record citations, relevant legal authority, and legal analysis in his appellant's opening brief. Garcia cited to the reporter's transcript index, which lists only the direct examination of witnesses—no cross-examination is listed. Garcia cited to *Manufactured Home Communities, Inc. v. County of San Luis Obispo* (2008) 167 Cal.App.4th 705, 711, which provides, "In 'almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.' " Lastly, Garcia contended, "[T]he lower court's egregious refusal to permit me to cross-examine [Skiver's witnesses] during the evidentiary hearing egregiously violated [due process]. By constraining my ability to challenge [Skiver's] assertions and scrutinize the veracity of [her witnesses'] testimony, the court effectively deprived me of a critical mechanism for defending myself against baseless accusations . . . ." In sum, Garcia provided the basic information needed for an

---

[2] We are not concluding that all proceedings for civil harassment restraining orders must involve oral testimony, rather than declarations. (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 733, fn. 6.) To be clear, we are holding that when a trial court permits one side in a harassment proceeding to present oral testimony, then the trial court may not entirely prevent the opposing party from cross-examining the witness(es) who testified in court. (*Ibid.*)

appellate argument.  Therefore, we reject Skiver's assertion that Garcia forfeited the contention.

" 'Not every instance in which a cross-examiner's question is disallowed will [the] defendant's right to a fair hearing be abridged, since the matter may be too unimportant [citations], or there may be no prejudice [citation], or the question may involve issues which can be brought up at a more appropriate time [citation].  However, where the subject of cross-examination concerns the matter at issue there can be no doubt that the refusal to permit such question[ing] results in a denial of a fair hearing.' " (*McCarthy v. Mobile Cranes, Inc.* (1962) 199 Cal.App.2d 500, 507.)

When arguing in the trial court, Garcia asserted that Skiver sought the restraining order as "a form of retaliation" for past workplace disagreements, such as Garcia advocating for better working conditions. Raeck joined in Garcia's arguments. If cross-examination had been permitted, Garcia and/or Raeck could have asked Skiver's witnesses if they had motives to lie when testifying, e.g., retaliatory motives.  Thus, cross-examination would have concerned the matter at issue.  As a result, the error requires reversal.  (*CSV*, *supra*, 84 Cal.App.5th 125 ["Because we cannot know what [the witnesses] would have said on cross-examination, or the effect such testimony might have had on the trial court's decision, [so] the error requires reversal."].)

Skiver contends the error was harmless because Garcia "was provided ample opportunity to be heard by the court and present contradictory evidence at the hearing." Contrary to Skiver's position, opportunities to provide direct evidence and argument are not substitutes for cross-examination.  Indeed, "[t]he importance of cross-examination

5

cannot be doubted:  'Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.' "  (*In re Brenda M.* (2008) 160 Cal.App.4th 772, 777.)  For example, " 'the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness.' "  (*Ibid.*)  We have no means of knowing what relevant information, if any, Garcia would have produced if given the opportunity to cross-examine witnesses.  Therefore, the error is prejudicial.

### B.    REMAINING ISSUES

Because we are reversing and ordering a new hearing, Garcia's remaining contentions have been rendered moot.  (*Schoshinski v. City of Los Angeles* (2017) 9 Cal.App.5th 780, 791 [issue is moot when no further relief can be provided].)  Therefore, we will not address the merits of whether the trial court erred by admitting hearsay and proceeding without Skiver's testimony.

### DISPOSITION

The order granting the restraining order is reversed.  The trial court is directed to hold a new evidentiary hearing within 30 days of the issuance of the remittitur.  (*Hall v. Superior Court* (1955) 45 Cal.2d 377, 381 [" '[A]n unqualified reversal remands the cause for a new trial . . . and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable' "]; *Heinfelt v. Arth* (1935) 4 Cal.App.2d 381, 383 [same rule].)  The trial court shall notify the parties of the scheduled hearing.  The restraining order shall remain effective until the conclusion of the new hearing or

30 days after issuance of the remittitur if no hearing takes place.[3] If a hearing occurs, and the trial court again grants the restraining order, it may issue a permanent restraining order through June 7, 2026, or for a lesser period. (*In re Marriage of D.S. and A.S.* (2023) 87 Cal.App.5th 926, 937-938.) If the trial court denies the petition for a restraining order, or if no hearing takes place, then the trial court shall issue an order terminating the three-year restraining order. Garcia is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.

---

[3] The trial court "partially granted and partially denied" Skiver's request for a temporary restraining order. We do not order that the temporary restraining order be reinstated pending a new hearing because it is unclear if the temporary restraining order afforded protections similar to the three-year restraining order.